# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

WILLIAM P. DEBOSKEY,

    Plaintiff,

v.                                            Case No: 8:22-cv-2427-WFJ-AAS

STATEBRIDGE COMPANY, LLC;
RED STICK ACQUISITIONS, LLC;
SOKOLOF REMTULLA, PLLC;
OWEN H. SOKOLOF; SHAFIN A.
REMTULLA; MICHAEL COYLE;
and DONALD ST. JOHN,

    Defendants.
_____/

## ORDER

This matter comes before the court on the Motion to Dismiss filed by Defendants Michael Coyle, Shafin A. Remtulla, Owen H. Sokolof, Sokolof Remtulla, PLLC, and Statebridge Company, LLC (collectively, the "moving Defendants"). Dkt. 14. Plaintiff William P. DeBoskey, proceeding *pro se*, filed a response in opposition. Dkt. 23. Upon careful consideration, the Court grants the moving Defendants' motion and dismisses Plaintiff's Amended Complaint without prejudice.

## BACKGROUND

Plaintiff is a Florida resident who owns a homestead property (the

"Property") in Hernando County. Dkt. 2 ¶ 13. In October 2005, Plaintiff refinanced the Property through a mortgage and promissory note. *Id.* ¶¶ 14–15; Dkt. 2-1. By 2016, the mortgage and note had been assigned to non-party Goshen Mortgage, LLC. Dkt. 2 ¶ 18. On May 26, 2016, Goshen Mortgage filed a foreclosure action[1] against Plaintiff's Property in the Circuit Court of the Fifth Judicial Circuit in and for Hernando County. *Id.* ¶ 20; Dkt. 14 at 15–22 (foreclosure complaint). In July 2018, Defendant Red Stick Acquisitions, LLC ("Red Stick") was substituted for Goshen Mortgage as plaintiff in the foreclosure action after acquiring the mortgage and note. Dkt. 2 ¶ 22. Red Stick filed an amended complaint in the foreclosure action on August 22, 2018. Dkt. 14 at 61–69 (amended foreclosure complaint).

According to Plaintiff, Red Stick then began "directing and controlling its agents" to, among other things, make false claims about Plaintiff's debt, make threats to foreclosure on the Property, and attempt to collect on Plaintiff's debt. Dkt. 2 ¶ 23. These agents allegedly include Defendant Statebridge Company, LLC, which serviced the mortgage, as well as Defendants Owen Sokolof and Shafin A. Remtulla, both of whom represent Red Stick in the foreclosure action through their law firm, Defendant Sokolof Remtulla, PLLC (the "Sokolof Firm"). *Id.* ¶¶ 9–10, 24, 27–28. Plaintiff also alleges that Defendant Michael Coyle, an employee of the

---

[1] The Hernando County foreclosure action is styled as *Goshen Mortgage LLC v. Deboskey et al.*, No. 2016-CA-676. The moving Defendants attached a copy of the initial foreclosure complaint to their Motion to Dismiss. *See* Dkt. 14 at 15.

2

Sokolof Firm, and Defendant Donald St. John, who is seemingly an employee of Red Stick, were among Red Stick's agents. *Id.* ¶¶ 11, 25, 29.

In July 2021, after having already amended and filed four answers in the foreclosure action, Plaintiff again moved for the circuit court's leave to amend his answer to include a counterclaim against the named Defendants for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Florida Consumer Credit Protection Act ("FCCPA"), Fla. Stat. § 559.55 *et seq.* Dkt. 14 at 158–234. The alleged violations were based on Defendants' actions during the foreclosure proceedings. *Id.* at 191–234. The circuit court denied Plaintiff's motion in January 2022, explaining that Plaintiff failed to show sufficient cause to permit the filing of a fifth answer and new counterclaim in an action that had been pending for over five years. *Id.* at 235–36.

On October 23, 2022, while the foreclosure action remained pending, Plaintiff filed the present suit in this Court. Dkt. 1. In his original complaint, Plaintiff raised the same FDCPA claim against Defendants that he was prohibited from raising in the foreclosure action. *Id.* Plaintiff never served the original complaint on Defendants. On January 5, 2023, the circuit court entered an order setting the foreclosure action for trial on February 8, 2023. Dkt. 14 at 252–56. Six days after the circuit court entered that order, Plaintiff filed his Amended Complaint in this case. Dkt. 2. Plaintiff thereafter served the Amended Complaint

3

on all but two Defendants.[2]

In his three-count Amended Complaint, Plaintiff brings the same FDCPA and FCCPA claims against Defendants that he attempted to raise in the foreclosure action. Specifically, Count I is an FDCPA claim alleging that Defendants engaged in illegal debt collection activity in connection with the foreclosure proceeding. *Id.* ¶¶ 31−38. In Count II, Plaintiff asserts that Defendants' alleged debt collection activity also violates the FCCPA. *Id.* ¶¶ 39−43. Finally, Count III seeks, without elaboration, a "declaration of the parties' respective rights" under the Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201. *Id.* ¶¶ 44−46. Pursuant to Federal Rule of Civil Procedure 12(b)(6), the moving Defendants seek to dismiss Plaintiff's Amended Complaint on several grounds. Dkt. 14.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion, a litigant must plead sufficient facts to a state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This standard does not require detailed factual allegations but demands more than an unadorned accusation. *Id.* A litigant's complaint must give "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

---

[2] It appears that Plaintiff has yet to serve process on Defendants Red Stick Acquisitions, LLC and Donald St. John. *See* Dkt. 20 (Motion to Extend Service of Process).

Moreover, at the dismissal stage, a complaint's factual allegations are accepted as true and construed in the light most favorable to the litigant bringing the claim. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). A district court should limit its "considerations to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). Relevant to this case, a district court may take judicial notice of the public record, including court records, as such documents are capable of accurate and ready determination through resources whose accuracy cannot be reasonably questioned. *Bryant v. Avado Brands, Inc.*, 187 F.3d 127980 (11th Cir. 1999).

## ANALYSIS

In their present motion, the moving Defendants raise several grounds for the dismissal of Plaintiff's Amended Complaint. Dkt. 14. Among these arguments is their contention that Plaintiff's claims are time-barred. *Id.* at 7. The Court agrees with this position and finds it to be dispositive.

The FDCPA and FCCPA claims that Plaintiff asserts in Counts I and II, respectively, are based on Defendants' maintenance of and participation in the foreclosure action that remains pending in Hernando County. FDCPA claims are subject to a one-year statute of limitations, *see* 15 U.S.C. § 1692k(d), and FCCPA claims are subject to a two-year statute of limitations, *see* Fla. Stat. § 559.77(4).

5

Where a plaintiff bases FDCPA and FCCPA claims on a foreclosure proceeding, these statutes of limitations run from the date the plaintiff was served with the foreclosure complaint. *See Rivas v. Bank of N.Y. Mellon*, 676 F. App'x 926, 929−30 (11th Cir. 2017); *Archer v. Aldridge Connors, LLP*, 998 F. Supp. 2d 1360, 1364 (S.D. Fla. 2014).

Here, Plaintiff asserts that each Defendant became involved in the foreclosure action in 2018 when Defendant Red Stick served Plaintiff with its amended foreclosure complaint. *See* Dkt 2 ¶¶ 22−29. In the present action that Plaintiff initiated over four years later, the operative pleading complains only of conduct carried out by Defendants in connection with the foreclosure proceeding. *See generally* Dkt. 2. As such, Plaintiff has brought his FDCPA and FCCPA claims well-beyond the one- and two-year statutes of limitation. *See, e.g.*, *Dyer v. Choice Legal Grp. P.A.*, No. 5:15-cv-69-Oc-30PRL, 2015 WL 3650925, at *2−3 (M.D. June 11, 2015) (dismissing similar FDCPA claim as time-barred); *DeBoskey v. SunTrust Mortgage, Inc.*, No. 8:14-cv-1778-MSS-TGW, 2017 WL 4083557, at *4 (M.D. Fla. Sept. 14, 2017) (dismissing as time-barred similar claims that Plaintiff has brought against other parties).

Though Plaintiff contends that "[n]umerous documents were filed [by Defendants] in furtherance of [the foreclosure action] in the last month," Dkt. 23 at 9, filings made in the foreclosure proceeding do not restart the clock. Plaintiff's

6

Amended Complaint fails to allege any conduct distinct from Defendants' participation in and maintenance of the foreclosure action that would otherwise support a timely FDCPA or FCCPA claim. Because Plaintiff's FDCPA and FCCPA claims are barred by the relevant statutes of limitation, Counts I and II must be dismissed.

Plaintiff's Count III declaratory judgment similarly fails to withstand dismissal. Though Plaintiff's declaratory judgment is pled as an independent count, the DJA "is not an independent source of federal jurisdiction." *Schilling v. Rogers*, 363 U.S. 666, 677 (1980) (citing *Shelly Oil Co. v. Phillips Petro. Co.*, 339 U.S. 667, 671 (1950)). A district court may only declare parties' rights under the DJA if the operative complaint alleges a standalone basis for federal jurisdiction. *Borden v. Katzman*, 881 F.2d 1035, 1037 (11th Cir. 1989). Given that Plaintiff's FDCPA and FCCPA claims are time-barred, Plaintiff has failed to allege an independent basis for federal jurisdiction.[3]

While the moving Defendants ask this Court to dismiss Plaintiff's claims with prejudice, the Court prefers to give Plaintiff, a *pro se* party, one more opportunity to sufficiently plead his claims. In his response to Defendants' Motion

---

[3] In any event, it is not clear what declaration Plaintiff seeks, as Plaintiff vaguely asks this Court to declare "the parties' respective rights[.]" *See* Dkt. 2 ¶ 46. To the extent that Plaintiff requests a declaratory judgment concerning the parties' rights in the ongoing foreclosure action, federal district courts neither interfere with nor review state court proceedings.

7

to Dismiss, Plaintiff seems to suggest that he will be able to plead additional factual allegations unrelated to the maintenance of the foreclosure proceeding that will support timely FDCPA and FCCPA claims. *See* Dkt. 23 at 9. The Court will therefore give Plaintiff a final chance to plead his claims.

## CONCLUSION

Based on the foregoing, the moving Defendants' Motion to Dismiss, Dkt. 14, is **GRANTED**. Plaintiff's Amended Complaint, Dkt. 2, is **DISMISSED**. If Plaintiff so chooses, he may file a second amended complaint by **April 10, 2023**.

**DONE AND ORDERED** at Tampa, Florida, on March 20, 2023.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record
Plaintiff, *pro se*