UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIAM P. DEBOSKEY,

    Plaintiff,

v.                                       Case No: 8:22-cv-2427-WFJ-AAS

RED STICK ACQUISITIONS, LLC;
STATEBRIDGE COMPANY, LLC;
SOKOLOF REMTULLA, PLLC;
OWEN H. SOKOLOF; SHAFIN A.
REMTULLA; and MICHAEL COYLE,

    Defendants.
_____/

## ORDER

This matter comes before the Court on the Motion to Dismiss Second Amended Complaint filed by Defendants Michael Coyle, Shafin A. Remtulla, Owen H. Sokolof, Sokolof Remtulla, PLLC, and Statebridge Company, LLC (collectively, the "moving Defendants"). Dkt. 27. Plaintiff William P. DeBoskey, proceeding *pro se*, filed a response in opposition, Dkt. 28. Upon careful consideration, the Court grants the moving Defendants' motion and dismisses Plaintiff's Second Amended Complaint with prejudice.

## BACKGROUND

Plaintiff is a Florida resident who owns a homestead property (the "Property") in Hernando County. Dkt. 26 ¶ 12. In October 2005, Plaintiff refinanced the Property through a mortgage and promissory note. *Id.* ¶¶ 13−14. By 2016, the mortgage and note had been assigned to non-party Goshen Mortgage, LLC. *Id.* ¶¶ 17, 19. On May 26, 2016, Goshen Mortgage filed a foreclosure action[1] against the Property in the Circuit Court of the Fifth Judicial Circuit in and for Hernando County. *Id.* ¶ 19; Dkt. 27 at 15−22 (foreclosure complaint). In July 2018, after acquiring the mortgage and note, Defendant Red Stick Acquisitions, LLC ("Red Stick") was substituted for Goshen Mortgage as plaintiff in the foreclosure action. Dkt. 26 ¶ 21. Red Stick filed an amended complaint in the foreclosure action on August 22, 2018. Dkt. 27 at 61−69 (amended foreclosure complaint).

According to Plaintiff, Red Stick then began "directing and controlling its agents" to, among other things, make false claims about Plaintiff's debt, make threats to foreclosure on the Property, and attempt to collect on Plaintiff's debt. Dkt. 26 ¶ 22. These agents allegedly include Defendant Statebridge Company, LLC, which serviced the mortgage, and Defendants Owen Sokolof and Shafin A. Remtulla, both of whom represent Red Stick in the pending foreclosure action

---

[1] The Hernando County foreclosure action is styled as *Goshen Mortgage LLC v. Deboskey et al.*, No. 2016-CA-676.

through their law firm, Defendant Sokolof Remtulla, PLLC (the "Sokolof Firm"). *Id.* ¶¶ 23–26. Plaintiff also asserts that Defendant Michael Coyle, an employee of the Sokolof Firm, was among Red Stick's agents. *Id.* ¶ 27.

In July 2021, after having already amended and filed four answers in the foreclosure action, Plaintiff again moved for leave to amend his answer to include a counterclaim against Defendants for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Florida Consumer Credit Protection Act ("FCCPA"), Fla. Stat. § 559.55 *et seq.* Dkt. 27 at 158–234. The alleged violations were based on Defendants' actions during the foreclosure proceedings. *Id.* at 191–234. In January 2022, the circuit court denied Plaintiff's motion for leave to amend, explaining that Plaintiff failed to show sufficient cause to permit the filing of a fifth answer and new counterclaim in an action that had been pending for over five years. *Id.* at 235–36.

On October 23, 2022, while the foreclosure action remained pending, Plaintiff filed the present suit in this Court. Dkt. 1. In his original complaint, Plaintiff raised the same FDCPA claim against Defendants that he was prohibited from raising in the foreclosure action. *Id.* Plaintiff never served his original complaint on Defendants. On January 5, 2023, the circuit court entered an order setting the foreclosure action for trial on February 8, 2023. Dkt. 14 at 252–56. Six days after entry of the circuit court's order, Plaintiff filed his Amended Complaint

3

against Defendants. Dkt. 2. Plaintiff's Amended Complaint raised three claims, all of which were related to the foreclosure proceedings: (1) an FDCPA claim; (2) an FCCPA claim; and (3) a request for a "declaration of the parties' respective rights" under the Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201. *Id.* ¶¶ 31−46. Upon the moving Defendants' first motion to dismiss, Dkt. 14, the Court dismissed Plaintiff's claims as time barred, Dkt. 24.

On April 7, 2023, with the Court's permission, Plaintiff filed his two-count Second Amended Complaint against Defendants. Dkt. 26. Count I is an FDCPA claim, *id.* ¶¶ 29−36, and Count II is an FCCPA claim, *id.* ¶¶ 37−41. The moving Defendants now seek to dismiss Plaintiff's Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. 27.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion, a litigant must plead sufficient facts to a state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This standard does not require detailed factual allegations but demands more than an unadorned accusation. *Id.* A litigant's complaint must give "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

At the dismissal stage, a complaint's well-pleaded factual allegations are accepted as true and construed in the light most favorable to the litigant bringing

4

the claim. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). A district court should limit its "considerations to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). Relevant to this case, a district court may take judicial notice of the public record, including court records, as such documents are capable of accurate and ready determination through resources whose accuracy cannot be reasonably questioned. *Bryant v. Avado Brands, Inc.*, 187 F.3d 127980 (11th Cir. 1999).

## ANALYSIS

As the Court noted in its prior order dismissing Plaintiff's Amended Complaint, Dkt. 24, FDCPA claims are subject to a one-year statute of limitations, *see* 15 U.S.C. § 1692k(d), and FCCPA claims are subject to a two-year statute of limitations, *see* Fla. Stat. § 559.77(4). When a plaintiff bases FDCPA and FCCPA claims on a foreclosure proceeding, these statutes of limitations run from the date the plaintiff was served with the foreclosure complaint. *See Rivas v. Bank of N.Y. Mellon*, 676 F. App'x 926, 929−30 (11th Cir. 2017); *Archer v. Aldridge Connors, LLP*, 998 F. Supp. 2d 1360, 1364 (S.D. Fla. 2014).

Here, Plaintiff was served with an amended foreclosure complaint in 2018—the year each Defendant allegedly became involved in the underlying foreclosure proceedings. Four years later, Plaintiff initiated this action against Defendants. In

5

dismissing Plaintiff's Amended Complaint, the Court determined that Plaintiff's FDCPA and FCCPA claims were time barred because they were based on Defendants' involvement in the foreclosure action and, accordingly, brought well-beyond the expiration of the statutes of limitations. Dkt. 24 at 6. Because Plaintiff suggested he could bring timely FDCPA and FCCPA claims unrelated to the maintenance of the foreclosure action, *see* Dkt. 23 at 9, the Court permitted him to amend his claims a final time. *Id.*

Despite Plaintiff's suggestion, the moving Defendants correctly assert that Plaintiff's Second Amended Complaint is "almost identical" to his Amended Complaint. Dkt. 27 at 2. Indeed, the only notable difference between the allegations within the Amended Complaint and the Second Amended Complaint is Plaintiff's new assertion that Defendants' violative conduct occurred in the "1-year" or "2-year" period before "the filing of this second amended complaint[.]" Dkt. 26 ¶¶ 22–27. Plaintiff's attempt to skirt the FDCPA and FCCPA's statutes of limitations with this language is unavailing. Plaintiff continues to base his claims on Defendants' involvement in the ongoing foreclosure action. *See id.* ¶¶ 21–41.

To be sure, Plaintiff again alleges that each Defendant "made representations as to the character, amount, and/or legal status of the Consumer debt," threatened to foreclose on the Property, "communicated claims to a lien and rights to enforce said lien," and "asserted legal rights" to the Property. *Id.* ¶¶ 22–27. Plaintiff fails to

6

provide any facts that suggest that these vague allegations amount to anything other than Defendants' participation in and maintenance of the foreclosure action. The only allegation within the Second Amended Complaint that could possibly be distinct from Defendants' participation in and maintenance of the foreclosure action is Plaintiff's conclusory assertion that Defendant Statebridge Company engaged in "collection activities" and "represented . . . that it held the authority to collect on a note[.]" Yet the Second Amended Complaint provides no support for these conclusory statements, such as when or how Defendant Statebridge Company engaged in illegal "collection activities." Such conclusory statements are not accepted as true. *See Iqbal*, 556 U.S. at 663−64.

As the Court previously explained, Dkt. 24 at 6, the statutes of limitations governing Plaintiff's FDCPA and FCCPA claims based on Defendants' participation in and maintenance of the foreclosure action have long since expired. *See e.g.*, *Dyer v. Choice Legal Grp. P.A.*, No. 5:15-cv-69-Oc-30PRL, 2015 WL 3650925, at *2−3 (M.D. June 11, 2015) (dismissing similar FDCPA claim as time barred); *DeBoskey v. SunTrust Mortg., Inc.*, No. 8:14-cv-1778-MSS-TGW, 2017 WL 4083557, at *4 (M.D. Fla. Sept. 14, 2017) (dismissing as time barred similar claims that Plaintiff has brought against other parties). Plaintiff contends that the moving Defendants must "conclusively show from the record when limitations attached for every imaginable instance of violative conduct." Dkt. 28 at 4.

However, that is not the law. In any event, Plaintiff has not sufficiently alleged any instance of violative conduct to support a timely FDCPA or FCCPA claim. The Second Amended Complaint is therefore due to be dismissed with prejudice.

## CONCLUSION

Based on the foregoing, the moving Defendants' Motion to Dismiss, Dkt. 27, is **GRANTED**. Plaintiff's Second Amended Complaint, Dkt. 26, is **DISMISSED WITH PREJUDICE**. The Clerk is directed to close this case.

**DONE AND ORDERED** at Tampa, Florida, on May 9, 2023.

>   /s/ William F. Jung
>   **WILLIAM F. JUNG**
>   **UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record
Plaintiff, *pro se*